IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WINGLET TECHNOLOGY, LLC**<br>8200 East 34th Street North<br>Suite 1410<br>Wichita, KS 67226<br><br>and<br><br>**ROBERT L. KISER**<br>1630 North 143rd Street East<br>Wichita, KS 67230<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>**GAETANO A. SCIORTINO**<br>6521 77th Place<br>Middle Village, NY 11379<br><br>　　　　　Defendant. | Civil Action No.: |

## COMPLAINT AND JURY DEMAND

The Plaintiffs, Winglet Technology, LLC, and Robert L. Kiser, by and through their attorney, GREGORY S. WINTON, ESQ., and THE AVIATION LAW FIRM, complain of the Defendant, Gaetano A. Sciortino, and allege, upon knowledge as to themselves and their own actions and upon information and belief as to all other matters, that at all relevant times mentioned herein the following to be true:

## PRELIMINARY STATEMENT

This is a civil action seeking monetary relief from the Defendant because of the particular harm caused by Defendant's campaign to disparage, defame, and harm the

reputation and business of the Plaintiffs by negligently and maliciously making and publishing false and defamatory statements concerning the Plaintiffs.

## NATURE OF THE ACTION

1. Defendant has engaged in a campaign to disparage, defame, and harm the reputation of the Plaintiffs by publicly making and communicating false and defamatory statements concerning the Plaintiffs to other individuals, with the malicious intent to injure Plaintiffs in their trade, profession, and community standing.

2. Defendant published the defamatory statements, without privilege, to third parties.

3. The Defendant's fault in publishing the false and defamatory statements amounted to at least negligence.

4. The Defendant's false and defamatory statements are actionable as a matter of law irrespective of special harm, and his publication caused the Plaintiffs special harm.

## PARTIES

5. Plaintiff, Winglet Technology, LLC ("Winglet Technology"), is a limited liability company duly organized by and operating under the laws of the State of Kansas, and all members reside in either Kansas or Oklahoma.

6. Plaintiff, Robert L. Kiser ("Kiser"), is a natural person residing in the State of Kansas and is the founder and managing member of Winglet Technology.

7. Upon information and belief, Defendant, Gaetano A. Sciortino, is a natural person residing in the State of New York.

## JURISDICTION AND VENUE

8. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## GENERAL ALLEGATIONS

10. Plaintiffs repeat, reiterate, and reallege each and every allegation as set forth above with the same force and effect as if more fully set forth herein.

11. At all times relevant herein, Plaintiffs design and market innovative aircraft winglets for installation on specific, turbine powered, transport category aircraft.

12. Prior to being installed on an aircraft, the winglets designed by Plaintiffs must be certificated and approved by the Federal Aviation Administration ("FAA"), an agency of the United States headquartered in Washington, DC, through a process called Supplemental Type Certification.

13. Plaintiffs rely on their reputation and standing within the aviation community, and the community-at-large, in support of the efforts to market their winglets.

14. Plaintiffs rely on their reputation and standing within the FAA, and agents thereof, in support of their efforts to obtain Supplemental Type Certification for their winglets.

15. On or about March 25, 2019, Plaintiffs submitted an application to the FAA for the issuance of a Supplemental Type Certificate to authorize the installation of winglets on the Bombardier Learjet Model 45, a turbine powered, transport category aircraft (the "Certification Project").

16. Throughout the Certification Project, Plaintiff Kiser was the lead representative of Plaintiff Winglet Technology and the designated program manager and certification coordinator.

17. Upon information and belief, at all times relevant herein, Defendant is and was the Deputy Director of the Compliance and Airworthiness Division at the FAA with authority over Plaintiffs' Certification Project.

18. On or about June 26, 2020, Defendant electronically signed a false and defamatory Memorandum dated June 25, 2020, concerning Plaintiffs (the "Memorandum"). A true and correct copy of the Memorandum is attached hereto and made part of this Complaint as **Exhibit A**.

19. Upon information and belief, Defendant published the Memorandum on or about June 29, 2020, via electronic mail without privilege to third parties other than Plaintiffs, some of which were located in Washington, D.C.

20. The Memorandum contains patently and verifiably false and defamatory statements concerning Plaintiffs.

21. The Memorandum further contains patently and verifiably false statements placing Plaintiffs in a false light, which would be highly offensive to a reasonable person.

22. Defendant knew, or should have known, that the defamatory statements made in the Memorandum were false and unsubstantiated.

23. Defendant made and published the Memorandum with reckless disregard for the truth or falsity of the claims asserted therein.

24. Defendant made and published the Memorandum with actual malice and ill will.

25. In the alternative, Defendant willfully and negligently made and published the Memorandum.

## COUNT I
## DEFAMATION

26. Plaintiffs repeat, reiterate, and reallege each and every allegation as set forth above with the same force and effect as if more fully set forth herein.

27. Defendant published one or more false and defamatory written statements tending to adversely affect the business reputation of Plaintiffs in their trade and standing in the aviation community and with the FAA, and adversely affecting the community's estimation of Plaintiffs.

28. Specifically, Defendant published false and defamatory statements indicating that Plaintiff Kiser is belittling and/or bullying, a threat to the physical safety of others, and a risk to aviation safety.

29. The false and defamatory statements made by the Defendant were of and concerning Plaintiffs.

30. These false and defamatory statements were published by Defendant via electronic mail on June 29, 2020, without privilege, to individuals other than Plaintiffs, some of which were located in Washington, D.C.

31. The false defamatory statements include, but are not limited to, the following:

> A. A few employees have raised concerns about their physical safety while continuing to work on your project. They have described your behavior as displays of aggression with outbursts and personal verbal attacks during meetings. Some of the employees are unwilling to meet with you, one on one, because they are concerned for their safety.

See Exhibit A.

> B. Your actions have created what the FAA defines as a hostile work environment. Based on the concerns raised by the Wichita ACO Branch employees on more than one occasion, and are now at my level, I must and will address them. I take my employees concerns for their safety seriously and must take the following action. I also consider the situation to be a potential risk to aviation safety since, communications, transparency and a good understanding of the work depends on a foundation of good relations.

See Exhibit A.

32. The Defendant made other false and defamatory statements by innuendo including, but not limited to, the following:

> I am very concerned for the health and safety of every staff member and in the interest of aviation safety, I have made the decision to reassign Winglet Technology projects to the New York ACO Branch effective July 6, 2020 until further notice.

See Exhibit A.

33. The Defendant made numerous false and defamatory statements, both directly and by innuendo, to the effect of the above-mentioned statements and otherwise.

34. In the alternative, the statements, as listed or described in this Complaint, constitute defamatory innuendo tending to imply, but not be limited by, the following:

> A. That Plaintiff Kiser presents a threat to aviation safety.
>
> B. That some FAA employees are unwilling to meet with Plaintiff Kiser because they are concerned for their safety.

    C. That Plaintiff Kiser has engaged in a course of inappropriate and unprofessional conduct.

    D. That Plaintiff Kiser is a threat to aviation safety, verbally abusive, a threat to the physical safety of others, and that individuals are concerned for their safety when in his presence.

    E. That Plaintiffs have created a hostile work environment.

    F. That employees within the FAA do not wish to work with Plaintiffs.

    G. That FAA employees are hesitant to conduct business with Plaintiffs.

35. All of Defendant's defamatory statements concerning Plaintiffs described herein, and the innuendo extending therefrom, are materially and verifiably false.

36. Defendant knew, or should have known, that the defamatory statements concerning Plaintiffs as described herein, were false.

37. Defendant made and published the false and defamatory statements about Plaintiffs with reckless disregard for the truth or falsity thereof.

38. Defendant made and published the false and defamatory statements about Plaintiffs with actual malice and ill will.

39. Defendant made and published the false and defamatory statements about Plaintiffs, which amount to outrageous conduct, or made with evil motive or careless indifference to Plaintiffs' rights.

40. In the alternative, Defendant negligently made the false and defamatory statements about Plaintiffs.

41. Defendant publicized the false and defamatory statements about Plaintiffs outside of the perimeter of his official duties and outside of any discretionary government function, such that any government function at issue was merely ministerial.

42. Defendant publicized the false and defamatory statements about Plaintiffs outside of normal channels.

43. In the alternative, Defendant publicized the false and defamatory statements about Plaintiffs in a normal manner but that resulted in an unreasonable degree of publication.

44. In the alternative, Defendant publicized the false and defamatory statements about Plaintiffs with malicious intent to harm Plaintiffs.

45. As a result of the false and defamatory statements published by Defendant, Defendant has irreparably damaged Plaintiffs' business reputation in their trade, standing in the aviation community, standing with the FAA, and adversely affected the community's estimation of Plaintiffs.

46. In the alternative, as a direct and proximate result of the false and defamatory statements made by Defendant, Plaintiffs have suffered special damages.

## COUNT II
## FALSE LIGHT

47. Plaintiffs repeat, reiterate, and reallege each and every allegation as set forth above with the same force and effect as if more fully set forth herein.

48. Defendant improperly publicized false representations about Plaintiffs which placed Plaintiffs in a false light by falsely attributing them to Plaintiffs' conduct.

49. In the alternative, Defendant improperly publicized false representations or false imputations of conduct by Plaintiffs, which placed Plaintiffs in a false light by falsely attributing conduct to them.

50. Defendant improperly publicized material about Plaintiffs placing Plaintiffs in a false light, which would be highly offensive to a reasonable person.

51. Defendant had knowledge of and acted in reckless disregard as to the falsity of the publicized material.

52. Defendant had knowledge of and acted in reckless disregard as to the false light in which Plaintiffs would be placed.

53. Specifically, Defendant falsely represented that Plaintiff Kiser engaged in actions that have created what the FAA defines as a hostile work environment; that he is a threat to aviation safety; is verbally abusive; is a threat to the physical safety of others; and that individuals are concerned for their safety when in his presence.

54. These false representations, imputations, or statements are understood to be of and concerning Plaintiff Kiser.

55. The publication of these false representations, imputations, or statements are highly offensive to any reasonable person.

56. As a result of the false light in which Plaintiffs were placed by these false representations, imputations, or statements, Plaintiffs were injured in their trade or profession, Plaintiffs' character and reputation were harmed; their standing and reputation at the FAA, in the aviation community, and the community at large were impaired; and Plaintiff Kiser suffered mental anguish and personal humiliation.

57. Defendant knew that the representations or imputations publicized about Plaintiffs were false, and the Defendant publicized them with a reckless disregard as to the truth of those representations.

58. By reason of the foregoing, Plaintiffs are entitled to recover all their damages from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgement against Defendant in their favor as follows:

1. Award Plaintiffs compensatory damages in an amount to be determined at trial.
2. Award Plaintiffs punitive damages in an amount to be determined at trial.
3. Award Plaintiffs prejudgment interest.
4. Award Plaintiffs attorneys' fees, costs and disbursements of this action.
5. Award Plaintiffs such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury of all issues and claims in this action so triable. Dated: June 18, 2021

        THE AVIATION LAW FIRM

        */s/ Gregory S. Winton*
        _____
        Gregory S. Winton, Esq.
        (USDC Bar No. 438670)
        1997 Annapolis Exchange Parkway
        Suite 300
        Annapolis, MD 21401
        Tel: (301) 294-8550
        Fax: (301) 294-2525
        Greg@AviationLawExperts.com

# EXHIBIT A



# Federal Aviation Administration

# Memorandum

| | |
|---|---|
| Date: | June 25, 2020 |
| From: | Gaetano Sciortino, Deputy Director, Compliance and Airworthiness Division |
| To: | Mr. Robert Kiser |
| Prepared by: | Kelly Broadway |
| Subject: | Learjet Model 45 Winglet Project #ST06518WI-T |

GAETANO A SCIORTINO  Digitally signed by GAETANO A SCIORTINO Date: 2020.06.26 15:10:28 -04'00'

This letter pertains to your project to install winglets on the Learjet Model 45 and the working relationship with the Wichita ACO Branch.

I am writing to you regarding concerns I have with the interaction between your company and my staff at the Wichita ACO Branch. I have had recent discussions with my staff, reviewed project correspondence and descriptions of phone conversations regarding this project. You may recall we met last year to discuss difficulties you and my staff were experiencing and agreed to redouble efforts in making sure all interactions between your company and the Wichita ACO were professional in nature. It has become clear that the professional working relationship between Winglet Technology and the Wichita ACO is not acceptable. You have a mistrust of that office and its personnel which you have repeatedly made clear in your email messages to several FAA management officials. After having read some of the correspondence, I can see where it be can perceived, because of the tone in your messages, that you are belittling and/or bullying the employees who are trying to provide a service to you.

As FAA employees, we are professionals and are expected to conduct ourselves as such in discussions and correspondence with our applicants. In my review I have observed that throughout the duration of your project, the employees of the Wichita ACO Branch have been professional in the meetings, discussions, and correspondence that have occurred regarding the approval of this modification.

A few employees have raised concerns about their physical safety while continuing to work on your project. They have described your behavior as displays of aggression with outbursts and personal verbal attacks during meetings. Some of the employees are unwilling to meet with you, one on one, because they are concerned for their safety. Some have expressed they would prefer to work only with the engineers/designees; however, because you are the CEO and Program Manager of your projects, you have not been excluded from said meetings. Your

actions have created what the FAA defines as a hostile work environment. Based on the concerns raised by the Wichita ACO Branch employees on more than one occasion, and are now at my level, I must and will address them. I take my employees concerns for their safety seriously and must take the following action. I also consider the situation to be a potential risk to aviation safety since, communications, transparency and a good understanding of the work depends on a foundation of good relations.

As Deputy Director of the Compliance and Airworthiness Division, I am very concerned for the health and safety of every staff member and in the interest of aviation safety, I have made the decision to reassign Winglet Technology projects to the New York ACO Branch effective July 6, 2020 until further notice. This reassignment and change of personnel hopefully will provide a new starting point for improving the working relationship between the FAA, specifically Aircraft Certification and Winglet Technology.

I have instructed Mr. Paul Nguyen and his staff to bring Mr. Timothy Hadsall, the acting New York ACO Branch Manager, and his staff up to speed on the details of your project.

Please understand that my decision is final and I have concurrence from both the Director, Compliance and Airworthiness Division, Mr. Lance Gant, and Director, Aircraft Certification, Mr. Earl Lawrence.

Additionally, we have sent a notification to Senator Jerry Moran's office based on the displeasure on your part regarding the Wichita ACO's service. I wanted him to know that we are taking a proactive step to ensure that his constituent will now be serviced by a different office and if he has any questions regarding this, he is more than welcome to reach out to me.

I'm confident in the days ahead you will have the collaborative work experience with Mr. Hadsall and his team that you've desired with the Wichita ACO Branch.

If you have questions, please feel free to reach out to me Gaetano (Tom) Sciortino, at (914)255-1731.