# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-5203**  September Term, 2022

1:21-cv-01646-CKK

**Filed On:** December 23, 2022

Winglet Technology, LLC and Robert L. Kiser,

      Appellants

      v.

United States of America,

      Appellee

**BEFORE:** Millett, Pillard, and Pan, Circuit Judges

## O R D E R

Upon consideration of the motion for summary affirmance, the amended response thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).

The district court correctly determined the United States is the proper defendant under the Westfall Act, 28 U.S.C. § 2679(b), (d)(1). Appellants failed to rebut the United States Attorney's certification that Deputy Director Gaetano Sciortino was acting within the scope of his employment when he wrote the allegedly defamatory memorandum at issue. See Wuterich v. Murtha, 562 F.3d 375, 381 (D.C. Cir. 2009); see also 28 U.S.C. § 2679(d)(1). Specifically, appellants have not shown that issuing a memorandum relating to a certification project is beyond the purview of the kind of work Deputy Director Sciortino was employed to perform, that it occurred outside the authorized time and space limits of his employment, or that Sciortino was not motivated, at least in part, by a desire to serve his employer, the Federal Aviation Administration. See Restatement (Second) of Agency § 228 (Am. L. Inst. 1958); Jacobs v. Vrobel, 724 F.3d 217, 221-22 (D.C. Cir. 2013).

The district court properly dismissed the case for lack of subject matter jurisdiction because appellants' defamation and false light claims fall under the exception to the government's waiver of sovereign immunity in the Federal Tort Claims

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-5203**                                 **September Term, 2022**

Act.  See 28 U.S.C. § 2680(h); Wuterich, 562 F.3d at 387; Council on Am. Islamic Rels. v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**